

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2006

# Vaziri v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vaziri v. Atty Gen USA" (2006). *2006 Decisions.* Paper 337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4547

———————

JEYAN VAZIRI,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

———————

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A22 619 485)
Immigration Judge: Ernest H. Hupp

———————

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2006

Before:  BARRY, CHAGARES AND COWEN,  CIRCUIT JUDGES

(Filed: October 11, 2006)

———————

OPINION

———————

PER CURIAM

Jeyan Vaziri, a native and citizen of Iran, has filed a petition for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its prior denial of a motion to reopen his deportation proceedings. We will deny the petition.

Vaziri arrived in the United States in 1978 at age sixteen, aboard what he alleges was an Iranian Air Force plane "used to evacuate certain high standing Iranians fleeing for their lives in the wake of the Islamic Revolution in Iran." He was admitted as a nonimmigrant student. In June 1980, while in high school, Vaziri was charged as being deportable on the ground that he failed to comply with the terms of his admission by working (part time, he claims) at the Snack Shack Restaurant in Huntington, West Virginia. See Immigration and Nationality Act ("INA") § 241(a)(9) (1976) [8 U.S.C. § 1251(a)(9) (1976)], (current version at INA § 237(a)(1)). An Immigration Judge ("IJ") found Vaziri deportable as charged. In November 1980, the Board of Immigration Appeals ("BIA") dismissed Vaziri's appeal, and permitted him to voluntarily depart within 15 days.

Vaziri did not depart. Instead, in 1981, he filed a motion to reopen with the BIA, seeking to apply for asylum based on his and his family's support for the former Shah of Iran. Vaziri claimed that he did not apply earlier on the advice of his father, who feared that their family members in Iran would be persecuted if the Islamic government became aware that Vaziri had applied for asylum. In September 1982, the BIA denied the motion to reopen, concluding that Vaziri "fail[ed] to establish prima facie evidence of anticipated persecution."

2

Over twenty-two years later, Vaziri filed another motion to reopen to pursue an application for adjustment of status based on an approved I-130 visa petition. The government opposed the motion, and the BIA denied it as untimely on April 20, 2005. The BIA also declined to exercise discretion to reopen the proceedings sua sponte, noting that Vaziri had "not provided any explanation as to his failure to depart this country."

In May 2005, Vaziri filed a "Motion to Reconsider" the denial of his motion to reopen. He alleged that the "Board's decision [denying reopening] incorrectly state[d] that Respondent failed to explain his reason to depart the United States after being ordered deported." In an order dated September 12, 2005, the BIA denied the motion to reconsider, concluding that "respondent has not identified any error of fact or law in our previous decision." Vaziri has filed a timely pro se petition for review.

We have jurisdiction under INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)] to review "constitutional claims and legal questions" concerning the BIA's denial of the "Motion to Reconsider." We review the denial for abuse of discretion.[1] See Nocon v. INS, 789 F.2d 1028, 1029-33 (3d Cir. 1986). Under this standard, we will overturn the BIA's decision only if it is "arbitrary, irrational or contrary to law." McAllister v. Attorney General, 444 F.3d 178, 185 (3d Cir. 2006) (quotations and citations omitted).

---

[1] In this proceeding, we cannot review the BIA's original final order of removal or its denial of Vaziri's two prior motions to reopen because the petition for review was only timely as to the denial of his "Motion for Reconsideration." See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1032-34 (3d Cir. 1986).

3

A motion to reconsider must specify the errors of law or fact in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). Here, the BIA found that Vaziri failed to identify any such errors. Vaziri disagrees, arguing that his reconsideration motion did specify an error of fact in the BIA's denial of reopening, namely, that the BIA improperly concluded that he had not explained his failure to depart after being ordered to do so. Importantly, however, Vaziri's alleged failure to provide an explanation was not the basis of the BIA's denial of reopening.[2] Rather, it denied reopening because the motion was untimely. See 8 C.F.R. § 1003.2(c)(2) (requiring that motions to reopen generally be filed within 90 days after the date on which the final administrative decision was rendered). Therefore, to the extent that Vaziri's motion for reconsideration did not allege any error in the untimeliness determination, the BIA properly denied his motion for reconsideration.

Vaziri also asserts that the BIA abused its discretion by "ignor[ing] the new evidence submitted by petitioner, which represented new facts not available at his prior deportation proceeding." In essence, Vaziri believes that the BIA should have treated his "Motion for Reconsideration" as a motion to reopen. We disagree. Under the language of 8 C.F.R. § 1003.2(b)(1), a motion for reconsideration is used to challenge determinations of law and fact in the BIA's prior decision. By contrast, a motion to reopen is used to present new evidence so that a new decision can be entered on a different factual record. See 8

_____

[2] At most, the absence of such an explanation contributed to the BIA's decision not to sua sponte reopen the proceedings. To the extent that Vaziri alleges that the BIA abused its discretion in denying reconsideration of the denial of sua sponte reopening, we lack jurisdiction. See Calle-Vujiles v. Ashcroft, 320 F.3d 472 (3d Cir. 2003).

4

C.F.R. § 1003.2(c). In an apparent effort to establish that country conditions in Iran have changed since his previous hearing before the IJ, Vaziri submitted the 2004 State Department Report on Human Rights Practices and affidavits from himself and his father. Nowhere, however, did Vaziri attempt to explain how this evidence demonstrates that country conditions in Iran have changed. Under these circumstances, we conclude that the BIA's failure to address the allegedly new evidence was not arbitrary, irrational or contrary to law.

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Vaziri's petition for review.